# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|   |   |   |
|---|---|---|
| PET-AG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ARROW RELIANCE, INC. d/b/a | ) | |
| DARWIN'S NATURAL PET PRODUCTS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Pet-Ag, Inc. ("Pet-Ag" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Complaint against Defendant, Arrow Reliance, Inc. d/b/a Darwin's Natural Pet Products ("Darwin's" or "Defendant"), and avers as follows:

## NATURE OF THE CASE

1.      In 1996, after many years of research and development, Pet-Ag introduced to the public an innovative veterinary milk replacer and nutritional supplement which Pet-Ag manufactures, markets and sells under the federally registered trademark ZOOLOGIC® ("ZOOLOGIC®"). Pet-Ag's ZOOLOGIC® product has been sold in commerce for over 20 years, is available for purchase over the Internet, and has been well received and is known by veterinarians and consumers alike. As Pet-Ag federally registered the ZOOLOGIC® mark in 1996, this registration is now incontestable.

2.      Darwin's, seeking to capitalize on Pet-Ag's reputation for high quality and ethical veterinary food products and the success of Pet-Ag's ZOOLOGIC® product, and despite knowledge of Pet-Ag's registration of ZOOLOGIC® adopted and is, using the identical marks,

"ZOOLOGIC" and "ZOOLOGICS" as trademarks for its "more economical" line of raw dog food. On information and belief, these products are available for purchase through the Internet.

3. Moreover, on information and belief, Darwin's ZOOLOGIC- and ZOOLOGICS-branded products have tested positive for Salmonella, Listeria, and Shiga Toxin-Producing Escherichia Coli O128, prompting a series of recalls by the Food and Drug Administration (the "FDA") based Darwin's ongoing pattern of pathogenic contamination of those products.

4. Through Darwin's active Internet presence, and given the Internet's concomitant ability to reach instantly millions of online consumers throughout the United States, including Illinois, Darwin's has consciously and deliberately attempted to create a false identification, association or sponsorship between Darwin's pet products and Pet-Ag's innovative nutritional supplement. Such actions are likely to cause confusion and deception, and to diminish the distinctiveness of Pet-Ag's ZOOLOGIC® trademark and destroy its associated goodwill.

5. Indeed, Darwin's unlawful actions are having and will continue to have a substantial adverse impact on Pet-Ag's business and reputation, especially in light of the significant and now notorious public health concerns raised by the FDA concerning Darwin's "ZOOLOGIC" products.

6. Pet-Ag seeks injunctive and monetary relief with respect to Darwin's deliberate attempt to mislead and confuse consumers about the source, sponsorship, and affiliation of its product and from trading upon the goodwill of Pet-Ag's registered trademark ZOOLOGIC®, through the use of the identical name "ZOOLOGIC" or "ZOOLOGICS". Such misappropriation of the goodwill that Pet-Ag has developed in its ZOOLOGIC® trademark constitutes, among other things, trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

common law trademark infringement and unfair competition under Illinois law; and consumer fraud and deceptive business practices, and deceptive trade practices under Illinois Statutes 815 ILCS §§ 505/2 and 510/2.

## THE PARTIES

7. Pet-Ag is an Illinois corporation with a principal place of business at 255 Keyes Ave, Hampshire, IL 60140.

8. Upon information and belief, Darwin's is a Washington corporation with a principal place of business at 350 Treck Drive, Tukwila, WA 98188.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to, inter alia, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a trademark dispute that arises under the federal Lanham Act, 15 U.S.C. § 1051 et seq.

10. This Court has personal jurisdiction over Darwin's because, among other things: (a) Darwin's maintains and operates a website that is accessible to residents of the State of Illinois through which it actively advertises and promotes the infringing products; and (b) Darwin's has purposefully availed itself of the benefits and protections of Illinois law by doing and transacting business in this forum.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Darwin's actively promotes, advertises, offers for sale, sells and distributes the infringing products in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Pet-Ag's ZOOLOGIC® Brand

12. Pet-Ag is a leading provider of quality pet products such as milk replacers and nutritional supplements that are designed to enhance and enrich the lives of all animals.

13. Pet-Ag has invested significant time and sums of money in research and development to establish and bring to market a wide variety of milk replacers, nutritional supplements, and other animal health products, and in the process has created a national reputation for the high quality and effectiveness of its products.

14. Pet-Ag owns the federally registered trademark, ZOOLOGIC® (U.S. Trademark Registration No. 1,843,830) in International Class 31 for feed for zoo animals. Pet-Ag's federal registration for ZOOLOGIC® is valid, subsisting, incontestable, and in full force and effect. Pet-Ag's registration evidences its exclusive rights to use the ZOOLOGIC® trademark in connection with its animal feed products. A copy of this registration is attached hereto as Exhibit A and is incorporated herein by reference.

15. Pet-Ag has also expended significant capital and has devoted substantial amounts of time and money to the design, manufacturing, production, marketing and promotion of its ZOOLOGIC® branded Milk Matrix products, which are a system of scientifically formulated milk replacers and nutritional supplements that are the top choices of zoos and wildlife animal rescue professionals, and are also vet-recommended. ZOOLOGIC® Milk Matrix milk replacers comprise an integrated system of milk replacers designed to virtually match any mammal's milk. These products can be used alone or blended with other components in the ZOOLOGIC® Milk Matrix family to formulate a milk replacer with nutrient levels that closely match a species' natural milk.

16. Pet-Ag has continuously and extensively used, advertised, promoted and sold ZOOLOGIC® branded animal feed products in commerce throughout the United States since June 1, 1993. Moreover, Pet-Ag has invested a significant amount of money in advertising its ZOOLOGIC® product. As a result, the ZOOLOGIC® trademark constitutes a valuable asset in the advertising and sale of Pet-Ag's veterinary milk replacers and nutritional supplement products to the public.

17. Accordingly, as a consequence of Pet-Ag's continuous and extensive use, advertising, marketing and promotion of the ZOOLOGIC® brand and of the veterinary milk replacers and nutritional supplement products bearing the ZOOLOGIC® trademark, ZOOLOGIC® is distinctive of Pet-Ag's veterinary milk replacers and nutritional supplement products and has a strong secondary meaning.

18. A depiction of one of Pet-Ag's ZOOLOGIC® Milk Matrix products is shown below:



19. The ZOOLOGIC® trademark is universally recognized and relied upon as identifying Pet-Ag as the sole source of veterinary milk replacers and nutritional supplement products, and as distinguishing Pet-Ag's product from the goods and services of others. As a result, the ZOOLOGIC® trademark has acquired substantial goodwill and is a valuable commercial asset.

20. Accordingly, Pet-Ag's ZOOLOGIC® trademark qualifies for the broadest scope of protection from infringement and unauthorized use available under law.

### Darwin's Infringement of the ZOOLOGIC® Trademark

21. Upon information and belief, Darwin's promotes, offers for sale, sells, and/or facilitates the sale of, raw dog food under the name "ZOOLOGIC" and "ZOOLOGICS" via its website: https://www.darwinspet.com/product/raw-dog-food-zl/ (last visited April 8, 2018), screenshots of which are attached hereto as Exhibit B.

22. Darwin's states on its website that "ZooLogics™ is [Darwin's] more economical line of raw dog food, made with conventionally-grown beef, lamb, turkey, chicken and vegetables from the same farms that supply your supermarket."

23. Darwin's website offers the following "ZOOLOGIC" or "ZOOLOGICS" branded products:

   a. ZooLogics™ Raw Dog Food

   b. ZooLogics™ Chicken

   c. ZooLogic™ Duck

   d. ZooLogics™ Turkey

   e. ZooLogics™ Beef

24. On information and belief, the United States Patent and Trademark Office ("USPTO") denied Darwin's attempt to register the trademark "ZOOLOGICS" on the basis of confusing similarity with Pet-Ag's registered ZOOLOGIC® trademark. A copy of the USPTO's Office Actions are attached hereto as group Exhibit C.

25. Notwithstanding the USPTO's refusal to register the applied-for trademark, and again on information and belief, Darwin's continued to promote, offer for sale, sell, and/or facilitate the sale of raw dog food under the name "ZOOLOGIC" and "ZOOLOGICS".

26. In addition, on information and belief, Darwin's ZOOLOGIC- and ZOOLOGICS-branded products have tested positive for Salmonella, Listeria, and Shiga Toxin-Producing Escherichia Coli O128, prompting a series of recalls by the Food and Drug Administration (the "FDA") based Darwin's ongoing pattern of pathogenic contamination of those products.

27. Pet-Ag's ZOOLOGIC® trademark is a unique and distinctive identifier of the source of Pet-Ag's high quality veterinary milk replacers and nutritional supplement products.

28. Darwin's use of "ZOOLOGIC" and "ZOOLOGICS" infringes on Pet-Ag's exclusive rights in its ZOOLOGIC® trademark.

29. By using Pet-Ag's ZOOLOGIC® trademark, Darwin's intends and is likely to suggest falsely to consumers that some connection exists between its spurious "ZOOLOGIC" and "ZOOLOGICS" products and Pet-Ag's ZOOLOGIC® branded products.

30. Further, Darwin's promotion, advertising, distribution, sale and/or offering for sale of "ZOOLOGIC" and "ZOOLOGICS" raw dog food is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Darwin's goods, or is intended, or is likely to cause consumers to believe in error that Darwin's "ZOOLOGIC" and "ZOOLOGICS" products have been authorized, sponsored,

approved, endorsed or licensed by Pet-Ag, or that Darwin's is in some way affiliated with Pet-Ag.

31. Darwin's use of the ZOOLOGIC® trademark is willful, deliberate and without authorization. By infringing Pet-Ag's ZOOLOGIC® trademark, Darwin's intends to promote, distribute and sell its raw dog food in a way that is intended to cause, and will cause, a likelihood of confusion among consumers.

32. Darwin's unlawful actions are having and will continue to have a substantial adverse impact on Pet-Ag's business and reputation, especially in light of the significant and now notorious public health concerns raised by the FDA concerning Darwin's "ZOOLOGIC" and "ZOOLOGICS" products.

## COUNT I
## Federal Trademark Infringement, 15 U.S.C. §1114

33. Pet-Ag incorporates the allegations in paragraphs 1 through 32 as if fully set forth herein.

34. Darwin's has infringed Pet-Ag's rights in the ZOOLOGIC® trademark by, among other things, using in commerce the identical and confusingly similar names "ZOOLOGIC" and "ZOOLOGICS" in connection with the promotion, advertising, sale, offering for sale, and distribution of its raw dog food.

35. Darwin's use of the identical name "ZOOLOGIC" is confusingly similar to Pet-Ag's ZOOLOGIC® trademark, and "ZOOLOGICS" is simply the plural form of Pet-Ag's ZOOLOGIC® trademark. Such use has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public as to the origin or affiliation of Darwin's goods. Further, Darwin's use of the name "ZOOLOGIC" and "ZOOLOGICS has deceived, and/or is likely to continue to deceive, the public into believing that the goods

promoted, sold and/or distributed by Darwin's emanate from, or are associated with, Pet-Ag and its goods, all to the damage and detriment of Pet-Ag's reputation, goodwill and sales.

36. Darwin's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Darwin's actions have been willful, deliberate, and intended to benefit Darwin's at Pet-Ag's expense, and were taken in willful, deliberate, and/or intentional disregard as to Pet-Ag's rights. Pet-Ag is entitled to recover Darwin's profits, attorneys' fees, enhanced damages and the costs of this litigation pursuant to 15 U.S.C. § 1117.

38. Darwin's actions have caused, and will continue to cause, irreparable harm to Pet-Ag, and will continue to so harm Pet-Ag unless preliminarily and permanently enjoined.

39. Furthermore, Darwin's is realizing profit and will continue to realize a profit from its unlawful actions, which are causing and will continue to cause Pet-Ag monetary damage in amounts to be determined at trial.

## COUNT II
**Federal Unfair Competition, 15 U.S.C. § 1125(a)**

40. Pet-Ag incorporates the allegations in paragraphs 1 through 39 as if fully set forth herein.

41. By misappropriating and using the identical and therefore confusingly similar "ZOOLOGIC" and "ZOOLOGICS" brand names, Darwin's has falsely designated and falsely represented that the goods it promotes, advertises, offers for sale, sells and/or distributes originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Pet-Ag, who owns a federal registration for its ZOOLOGIC® trademark.

42. Darwin's promotion, advertising, distribution, sale and/or offer for sale of its "ZOOLOGIC" and "ZOOLOGICS" raw dog food is intended or is likely to confuse, mislead, or

deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Darwin's goods, or is intended, or is likely to cause such parties to believe in error that Darwin's "ZOOLOGIC" and "ZOOLOGICS" products have been authorized, sponsored, approved, endorsed or licensed by Pet-Ag, or that Darwin's is in some way affiliated with Pet-Ag.

43. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Darwin's actions have been willful, deliberate, and intended to benefit Darwin's at Pet-Ag's expense, and were taken in willful, deliberate, and/or intentional disregard as to Pet-Ag's rights. Pet-Ag is entitled to recover Darwin's profits, attorneys' fees, enhanced damages and the costs of this litigation pursuant to 15 U.S.C. § 1117.

45. Darwin's actions have caused, and will continue to cause, irreparable harm to Pet-Ag, and will continue to so harm Pet-Ag unless preliminarily and permanently enjoined.

46. Furthermore, Darwin's is realizing profit and will continue to realize a profit from its unlawful actions, which are causing and will continue to cause Pet-Ag monetary damage in amounts to be determined at trial.

## COUNT III
### Illinois Common Law Trademark Infringement

47. Pet-Ag incorporates the allegations in paragraphs 1 through 46 as if fully set forth herein.

48. Darwin's has infringed Pet-Ag's rights in the ZOOLOGIC® trademark by, among other things, using in commerce the identical and confusingly similar name "ZOOLOGIC" and "ZOOLOGICS" in connection with the promotion, advertising, sale, offering for sale, and distribution of its raw dog food.

49. Darwin's use of the identical name "ZOOLOGIC", and plural form "ZOOLOGICS", is confusingly similar to Pet-Ag's ZOOLOGIC® trademark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public as to the origin or affiliation of Darwin's goods and has deceived, and/or is likely to continue to deceive, the public into believing that the goods promoted, sold and/or distributed by Darwin's emanate from, or are associated with, Pet-Ag and its goods, all to the damage and detriment of Pet-Ag's reputation, goodwill and sales.

50. Darwin's actions have been willful, deliberate, and intended to benefit Darwin's at Pet-Ag's expense.

51. Darwin's actions constitute trademark infringement under Illinois common law.

52. Darwin's actions have caused, and will continue to cause, irreparable harm to Pet-Ag, and will continue to so harm Pet-Ag unless preliminarily and permanently enjoined.

53. Furthermore, Darwin's is realizing profit and will continue to realize a profit from its unlawful actions, which are are causing and will continue to cause Pet-Ag monetary damage in amounts to be determined at trial.

## COUNT IV
### Illinois Common Law Unfair Competition

54. Pet-Ag incorporates the allegations in paragraphs 1 through 53 as if fully set forth herein.

55. By misappropriating and using the identical and therefore confusingly similar "ZOOLOGIC" and "ZOOLOGICS" brand names, Darwin's has falsely designated and falsely represented that the goods it promotes, advertises, offers for sale, sells and/or distributes originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Pet-Ag, who owns a federal registration for its ZOOLOGIC® trademark.

56. Darwin's actions have been willful, deliberate, and intended to benefit Darwin's at Pet-Ag's expense.

57. Darwin's actions constitute unfair competition under Illinois common law.

58. Darwin's actions have caused, and will continue to cause, irreparable harm to Pet-Ag, and will continue to so harm Pet-Ag unless preliminarily and permanently enjoined.

59. Furthermore, Darwin's is realizing a profit and will continue to realize a profit from its unlawful actions, which are causing and will continue to cause Pet-Ag monetary damage in amounts to be determined at trial.

## COUNT V
### Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2

60. Pet-Ag incorporates the allegations in paragraphs 1 through 59 as if fully set forth herein.

61. Darwin's use of the identical and confusingly similar name "ZOOLOGIC" and plural form "ZOOLOGICS" in connection with the promotion, advertising, sale, offering for sale, and distribution of its raw dog food in connection with trade and commerce constitutes unfair methods of competition and unfair or deceptive acts or practices, including but not limited to, the use or employment of a deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

62. Darwin's use of the identical and confusingly similar name "ZOOLOGIC" and plural form "ZOOLOGICS" in connection with the promotion, advertising, sale, offering for sale, and distribution of its raw dog food is willful and intentional, with deceptive intent, making this an exceptional case.

63. Darwin's use of the identical name "ZOOLOGIC" and plural form "ZOOLOGICS" is confusingly similar to Pet-Ag's ZOOLOGIC® trademark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public as to the origin or affiliation of Darwin's goods and has deceived, and/or is likely to continue to deceive, the public into believing that the goods promoted, sold and/or distributed by Darwin's emanate from, or are associated with, Pet-Ag and its goods, all to the damage and detriment of Pet-Ag's reputation, goodwill and sales.

64. Darwin's actions have caused, and will continue to cause, great, immediate, and irreparable harm to Pet-Ag's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

65. Furthermore, Darwin's is realizing a profit and will continue to realize a profit from its unlawful action, which are causing and will continue to cause Pet-Ag monetary damage in amounts to be determined at trial.

## COUNT VI
**Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2**

66. Pet-Ag incorporates the allegations in paragraphs 1 through 65 as if fully set forth herein.

67. Darwin's use of the identical and confusingly similar name "ZOOLOGIC" and plural form "ZOOLOGICS" in connection with the promotion, advertising, sale, offering for sale, and distribution of its raw dog food constitutes deceptive trade practices in that Darwin's, among other things, causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its raw dog food; causes a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Pet-Ag; falsely represents that its raw dog food has sponsorship, approval, characteristics, ingredients,

uses, benefits, or quantities that it does not have; and otherwise engages in conduct which creates a likelihood of confusion or misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

68. Darwin's use of the identical and confusingly similar name "ZOOLOGIC" and plural form "ZOOLOGICS" in connection with the promotion, advertising, sale, offering for sale, and distribution of its raw dog food is willful and intentional, with deceptive intent, making this an exceptional case.

69. Darwin's actions have caused, and will continue to cause, great, immediate, and irreparable harm to Pet-Ag's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

70. Furthermore, Darwin's is realizing a profit and will continue to realize a profit from its unlawful actions, which are causing and will continue to cause Pet-Ag monetary damage in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Pet-Ag respectfully requests judgment against Darwin's as follows:

A. Permanently enjoining and restraining Darwin's and its respective officers, directors, principals, partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Darwin's, from:

> i. Using on or in connection with the production, manufacture, advertisement, promotion, display on the Internet or otherwise, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the ZOOLOGIC® mark, or any colorable imitations thereof or any mark confusingly similar thereto;

        ii.     Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Darwin's products originate with or are the products of Pet-Ag or that there is any affiliation or connection between Pet-Ag and its products and Darwin's or its products and from otherwise competing unfairly with Pet-Ag;

        iii.    Using any mark in a manner so as to cause the dilution of the distinctive quality of the Pet-Ag's ZOOLOGIC® trademark, including, but not limited to, by using the designation "ZOOLOGIC" or "ZOOLOGICS";

    B.     Directing Darwin's to recall, at its own expense, all products and marketing, promotional, and advertising materials that bear or incorporate any mark or design with "ZOOLOGIC", "ZOOLOGICS", or any mark confusingly similar to the ZOOLOGIC® trademark, which have been manufactured, distributed, sold or shipped by them, and to reimburse all customers from which said materials are recalled.

    C.     Directing Darwin's to destroy all contaminated product in its possession or under its control bearing the "ZOOLOGIC" or "ZOOLOGICS" name or any simulation, reproduction, copy or colorable imitation of Pet-Ag's ZOOLOGIC® trademark, and deliver to Pet-Ag's attorneys or representatives for destruction all other products – including, but not limited to, labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements – in its possession or under its control, bearing the "ZOOLOGIC" or "ZOOLOGICS" name or any simulation, reproduction, copy or colorable imitation of Pet-Ag's ZOOLOGIC® trademark, and all plates, molds, matrices, and any other means of making the same.

    D.     Directing such other relief as the Court may deem appropriate to prevent the trade

and public from forming any erroneous impression that any product manufactured sold or otherwise distributed or promoted by Darwin's is authorized by Pet-Ag or related in any way to Pet-Ag's ZOOLOGIC® products.

E. Directing Darwin's to file with this Court and to serve upon Pet-Ag within thirty (30) days after service upon Darwin's of an injunction in this action, a written report by Darwin's, under oath, setting forth in detail the manner in which Darwin's has complied with the injunction.

F. Awarding Pet-Ag as damages Darwin's profits, royalties, and revenue from its sales of its "ZOOLOGIC" and "ZOOLOGICS" products under 15 U.S.C. § 1117(a).

G. Awarding Pet-Ag treble damages permitted by the Lanham Act, 15 U.S.C. § 1117(a) and (b), based upon Darwin's willful infringement and unfair competition.

H. Awarding Pet-Ag its damages by reason of Darwin's acts of common law trademark infringement, unfair competition, and for consumer fraud and deceptive business practices, and deceptive trade practices under the Illinois Statues, in an amount to be established at trial.

I. Awarding Pet-Ag punitive damages by reason of Darwin's willful, intentional and malicious acts of common law trademark infringement and unfair competition, in an amount to be established at trial.

J. Awarding Pet-Ag its reasonable attorneys' fees, costs, and expenses pursuant to the Lanham Act, 15 U.S.C. § 1117 and Illinois law.

K. Awarding Pet-Ag such further relief as this Court deems just and proper.

Dated: April 10, 2018

Respectfully submitted,

**PET-AG, INC.**

By: /s/ *Robert E. Browne*
    One of its attorneys

Robert E. Browne
Jillian L. Burstein
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
T: (312) 207-3904
F: (312) 207-6400
rbrowne@reedsmith.com
jburstein@reedsmith.com

*Counsel for Pet-Ag, Inc.*